UNITED STATES DISTRICT COURT
                   FOR THE EASTERN DISTRICT OF MICHIGAN
                            SOUTHERN DIVISION
_____

STEPHEN WHITING,

    Plaintiff,

v.                                                    Case No. 18-11560

MICHIGAN DEPARTMENT OF
CORRECTIONS and ST. LOUIS
CORRECTIONAL FACILITY,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

Plaintiff Stephen Whiting, incarcerated at the La Porte County Jail in La Porte, Indiana, filed this civil rights action in the Northern District of Indiana. Because the events described in Plaintiff's complaint occurred while he was incarcerated in Michigan, the Northern District of Indiana transferred the matter to this court. (Dkt. #3.) Having reviewed Plaintiff's pleading, the court will dismiss the complaint for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff alleges that he fell and injured himself while shoveling snow in the prison yard at the St. Louis Correctional Facility in February 2015. Plaintiff went to the prison doctor, where he received acetaminophen; when the pain continued to get worse, he was given a muscle relaxer.

By the end of February, Plaintiff was unable to walk. He returned to the prison doctor, but was kicked out of the office. The doctor allegedly had an officer place

1

Plaintiff in a wheelchair; Plaintiff was then wheeled out and dumped on the floor. The next day, Plaintiff was moved to a prison unit for inmates who are confined to wheelchairs. He claims that he was unable to eat or go to the bathroom because he was in so much pain. Plaintiff was eventually placed on crutches, but he was still suffering from pain so severe as to prevent him from eating or engaging in other activities.

Plaintiff wrote several grievances and medical requests, which were ignored. He claims that he often fell while walking on his crutches, and he says that prison personnel would kick or spit on him while he was on the ground. Several times he defecated or urinated on himself because he was unable to make it to the bathroom.

A prison nurse was finally able to help. The nurse gave Plaintiff shots that eased his pain and allowed him to start eating and moving again. Plaintiff regained the ability to walk, and he was released from administrative segregation.

At some point after his recovery, prison personnel asked Plaintiff about the grievances he had filed. He was told that if he signed off on the grievances, he would be released on parole; if he did not sign them, the prison officials would contact the parole board and have his parole revoked. In response to the threat, Plaintiff signed off on his grievances.

Plaintiff is now seeking monetary damages against Defendants Michigan Department of Corrections and St. Louis Correctional Facility.

## II. STANDARD

Plaintiff has been allowed to proceed in forma pauperis ("IFP")—without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601,

2

604 (6th Cir. 1997). The court must dismiss an IFP complaint if the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." § 1915(e)(2)(B)(i)–(ii). "A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court considers whether the complaint "fails to state a claim on which relief may be granted" under the familiar guidelines of Rule 8. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must demonstrate more than just a possibility of wrongdoing; rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. The court views the complaint in the light most favorable to the plaintiff, and it accepts all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### III. DISCUSSION

Plaintiff's complaint must be dismissed because his suit is barred by the State of Michigan's Eleventh Amendment Sovereign Immunity.

Plaintiff does not set forth any particular legal theory for relief, but—because he is proceeding pro se—the court liberally construes his complaint. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). From the face of his pleadings, Plaintiff appears to assert civil rights claims under 42 U.S.C. § 1983 and/or state law causes of action. To establish his claims under § 1983, Plaintiff must prove "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

But under either theory, the state is entitled to sovereign immunity. Though Plaintiff names the Michigan Department of Corrections and the St. Louis Correctional Facility as Defendants, the Eleventh Amendment extends to suits where "the state is the real, substantial party in interest"—as in this case. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quotation omitted); *Hix v. Tenn. Dep't of Corrections*, 196 F. App'x 350, 355–56 (6th Cir. 2006). A suit against a state is "barred by the Eleventh Amendment, unless [the state] has consented to the filing of such a suit," or Congress has abrogated the state's Eleventh Amendment immunity. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (alteration original) (quoting *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). Congress did not abrogate the states' Eleventh Amendment immunity for the purposes of § 1983 suits. *Harrison*, 722 F.3d at 771 ("It is well established that § 1983 does not abrogate the Eleventh Amendment . . . ."). And Michigan has not consented to suit under § 1983. *Id.*

Michigan is also entitled to sovereign immunity for any pleaded state law claim. *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) ("[T]he States' constitutional immunity from suit prohibits all state-law claims filed against a state in federal court . . . ." (emphasis omitted)). Thus, to the extent that Plaintiff has stated a cause of action

seeking money damages against Defendants, those claims are properly foreclosed by the state's sovereign immunity.

## IV. CONCLUSION

Even construed liberally, Plaintiff's complaint fails to state a claim; any cause of action he seems to bring here would be barred by Michigan's Eleventh Amendment Sovereign Immunity. Accordingly,

IT IS ORDERED that Plaintiff's complaint (Dkt. #1) is DISMISSED.

s/Robert H. Cleland       /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 2, 2018, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

Z:\Cleland\KNP\Civil\18-11560.WHITING.Dismiss.Civil.Rights.Complaint.DHB.KNP.docx